EWING v. BARNARD.

(Supreme Court, Appellate Term.    June 22, 1903.)

1. LANDLORD AND TENANT—ACTIONS FOR RENT—SURRENDER—ACCEPTANCE—
QUESTIONS FOR JURY.
Where, in a suit for rent, the defense is a surrender and acceptance, and defendant testifies to a conversation with plaintiff in which he stated to plaintiff that he intended to pay no more rent, to which plaintiff replied that he had better give possession, and directed him to deliver the key to the janitor, which he did, the question of the surrender and acceptance is for the jury.

Appeal from City Court of New York.

Action by Justus E. Ewing against Arthur W. Barnard. From a judgment for plaintiff, and an order denying his motion for a new trial, defendant appeals.    Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

L. J. Morrison, for appellant.

Theron G. Strong, for respondent.

GILDERSLEEVE, J.    The action is for rent for August, September, and October, 1902.    The defense is a surrender and acceptance, and a counterclaim for breach of a collateral agreement.    The jury found for plaintiff.    Defendant appeals.

The court charged the jury as follows, viz.:

"As to the claim that the premises were surrendered, I charge you, as a matter of law, under the proof presented, that the premises were not surrendered by Mr. Barnard [defendant] to Mr. Ewing [plaintiff], as he has claimed."

At the close of the charge, the defendant's counsel said:

"I except to your honor's charge as to the surrender: 'As a matter of law, the premises were not surrendered.'"

It appears from the testimony of defendant as follows:

"I had a conversation with him [plaintiff] in August about giving up the premises—about the 10th or 11th.    He asked me for the August rent.    I told him, under the circumstances, I did not intend to pay any more rent, as he had not fulfilled his contract.    He said, 'You better give me possession of the premises,' and I said I would as soon as I could make it convenient to get out.    *    *    *    I made my arrangements as fast as I could, and I did get out in the month of August.    Mr. Ewing [plaintiff] gave me instructions to surrender the key to the janitor.    I did surrender the key to the janitor on the 29th or 30th of August."

Under this evidence, the court should have left the question of surrender and acceptance to the jury.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event.    All concur.